UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL GAMBLE,

Petitioner,

-vs-                                              Case No.  8:04-cv-383-T-17TBM

JAMES V. CROSBY, JR.,

Respondent.

_____/

## <u>ORDER</u>

This cause is before the Court on Petitioner Michael Gamble's 28 U.S.C. § 2254 petition for writ of habeas corpus.  Gamble challenges his conviction and sentence entered by the Circuit Court for the Tenth Judicial Circuit, Polk County, Florida, in state circuit case number CF95-2289.

BACKGROUND

On May 25, 1995, the State filed an information and charged Gamble with committing one count of aggravated assault and one count of armed robbery. (Respondent's Exhibit 001). The Honorable Robert A. Young presided over the trial on October 25, 1995. (Respondent's Exhibit 014). A jury found Gamble guilty of the crimes as

charged. (Respondent's Exhibit's 002). After the verdict, the State filed a Notice of Intention to Seek an Enhanced Prison Sentence Under F.S. 775.084. (Respondent's Exhibit 003). The trial court adjudicated Gamble guilty and sentenced him to five years incarceration on the aggravated assault count and to a term of life imprisonment on the armed burglary count. (Respondent's Exhibit 004 at page 13).

On January 21, 1999, the state district court of appeal granted Gamble's motion for a belated appeal from the judgment and sentence imposed on December 1, 1995. (Respondent's Exhibit 008). On or about July 23, 1999, Gina E. Caruso, Special Assistant Public Defender, filed the Initial Brief on behalf of Gamble, and argued the following issues:

ISSUE I

THE TRIAL COURT REVERSIBLY ERRED IN ALLOWING THE STATE TO COMMENT IN OPENING STATEMENT AND TO INTRODUCE EVIDENCE THAT IMPERMISSIBLY VOUCHED FOR THE CREDIBILITY OF A WITNESS.

ISSUE II

THE TRIAL COURT REVERSIBLY ERRED IN FAILING TO DISMISS THE COUNT FOR AGGRAVATED ASSAULT OR TO GRANT A JUDGMENT OF ACQUITTAL WHERE THE EVIDENCE DEMONSTRATED THAT THE OFFENSES AROSE OUT OF THE SAME ACT AND THERE WAS ONLY ONE CONTINUOUS CRIMINAL EPISODE.

ISSUE III

THE TRIAL COURT REVERSIBLY ERRED IN FAILING TO GRANT GAMBLE'S MOTION FOR JUDGMENT OF ACQUITTAL ON THE COUNT FOR ARMED ROBBERY.

(Respondent's Exhibit 009).

On December 17, 1999, the state district court of appeal per curiam affirmed Gamble's conviction and sentence. (Respondent's Exhibit 012). Gamble did not seek discretionary review of the appeal with the Florida Supreme Court.

On May 11, 2000, Gamble filed a motion to correct sentence in the state trial court. (Respondent's  Exhibit 015). The state trial court entered an order denying the motion on June 19, 2000. (Respondent's Exhibit 016). Gamble appealed, and the state district court of appeal per curiam affirmed the state trial court's ruling on May 30, 2001. (Respondent's Exhibit 018). The appellate court issued the mandate on June 27, 2001. (Respondent's Exhibit 019).

On January 16, 2002, Gamble filed a Rule 3.850 Motion for Post-Conviction Relief in the state trial court raising seven grounds for relief. (Respondent's Exhibit 020).

On March 6, 2002, the trial court entered an order denying the motion for postconviction relief for being untimely filed. (Respondent's Exhibit 021). Gamble filed a motion for rehearing with the trial court on March 20, 2002. (Respondent's Exhibit  022). On July 16, 2002, the state trial court granted the motion and rescinded its prior order. (Respondent's Exhibit 023). The state trial court addressed the seven grounds for relief based on ineffective assistance of counsel and denied each ground. (Respondent's Exhibit 023).

Gamble appealed. (Respondent's Exhibit 024). The state district court of appeal per curiam affirmed the denial of relief on February 12, 2003. (Respondent's Exhibit 025). The mandate was issued on March 10, 2003. (Respondent's Exhibit 026). Gamble did not seek discretionary review with the Florida Supreme Court. On October 15, 2003, Gamble filed

a motion for production of legal documents. (Respondent's Exhibit 027). The trial court entered an order denying the motion on October 28, 2003. (Respondent's Exhibit 028). Gamble appealed and the state district court of appeal per curiam affirmed the denial of relief on March 17, 2004.  (Respondent's Exhibits 029 and 030).  Gamble then timely filed the present federal petition for writ of habeas corpus.

STANDARDS OF REVIEW

Because Gamble filed his petition after April 24, 1996, this case is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  Penry v. Johnson, 532 U.S. 782, 792 (2001); Henderson v. Campbell, 353 F.3d 880, 889-90 (11th Cir. 2003); Maharaj v. Sec'y of Dept. of Corrections, 304 F.3d 1345, 1346 (11th Cir. 2002).  The AEDPA "establishes a more deferential standard of review of state habeas judgments," Fugate v. Head, 261 F.3d 1206, 1214 (11th Cir. 2001), in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002); see, Bell v. Cone, 2005 WL 123827 (U.S. Jan. 24, 2005) (habeas court's standard for evaluating state-court ruling is highly deferential, which demands that state-court decisions be given benefit of the doubt)[citing 28 U.S.C.A. § 2254(d)]).   AEDPA is relevant to a review of this Petition.

**A.**

Pursuant to AEDPA, habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application, of clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); Price v. Vincent, 123 S.Ct. 1848, 1852-53 (2003); Clark v. Crosby, 335 F.3d 1303, 1308 (11th Cir. 2003); Harrell v. Butterworth, 251 F.3d 926, 930 (11th Cir. 2001).  "Clearly established Federal law" is the governing legal principle, not the dicta, set forth by the United States Supreme Court at the time the state court issues its decision. Lockyer v. Andrade, 538 U.S.63, 71-72 (2003).  Where no Supreme Court precedent is on point, or the precedent is ambiguous, it cannot be said that  the state court's conclusion is contrary to clearly established governing federal law.  Mitchell v. Esparza, 124 S.Ct. 7, 10 (2003); Clark v. Crosby, 335 F.3d at 1308-10; Washington v. Crosby, 324 F.3d 1263, 1265 (11th Cir. 2003).

A state court decision is "contrary to" the Supreme Court's clearly established precedent within the meaning of § 2254(d)(1) only if the state court applies a rule that contradicts the governing law as set forth in Supreme Court case law, or if the state court confronts a set of facts that are materially indistinguishable from those in a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent.  Mitchell v. Esparza, 124 S.Ct. at 10 (citing Williams v. Taylor, 529 U.S. 362, 405-06 (2000)).  See also Price v. Vincent, 123 S.Ct. at 1853; Lockyer v. Andrade, 538 U.S. at 75-77.  A state court does not have to cite the Supreme Court precedent, or even be aware of it, so long as neither its reasoning nor its result contradicts Supreme Court

precedent.  <u>Early v. Parker</u>, 537 U.S. 3, 8 (2002); <u>Mitchell v. Esparza</u>, 124 S.Ct. at 10; <u>Parker v. Secy of Dept. of Corrections</u>, 331 F.3d 764, 775-76 (11th Cir. 2003).

A state court decision involves an unreasonable application of Supreme Court precedent if the state court identifies the correct governing legal rule from Supreme Court cases but unreasonably applies it to the facts of the particular inmate's case; or if the state court either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply; or unreasonably refuses to extend that principle to a new context where it should apply.  <u>Bottoson v. Moore</u>, 234 F.3d 526, 531 (11th Cir. 2000).  The "unreasonable application" inquiry requires the state court decision to be more than incorrect or erroneous; it must be objectively unreasonable.  <u>Lockyer v. Andrade</u>, 538 U.S. at 75-77; <u>Williams</u>, 529 U.S. at 409-10; <u>Penry v. Johnson</u>, 532 U.S. at 791-792; <u>Woodford v. Visciotti</u> 537 U.S. 19, 25 (2002); <u>Mitchell v. Esparza</u>, 124 S.Ct. at 11-12; <u>Price v. Vincent</u>, 123 S.Ct. at 1853.

Whether a state court's decision was unreasonable must be assessed in light of the record the court had before it. See <u>Holland v. Jackson</u>, 124 S.Ct. 2736, 2737-2738 (2004) (citing <u>Yarborough v. Gentry</u>, 540 U.S. 1 (2003)) (per curiam) (denying relief where state court's application of federal law was supported by the record); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 348 (2003) (reasonableness of state court's factual finding assessed "in light of the record before the court"); <u>cf.</u> <u>Bell v. Cone</u>, 535 U.S. at 697, n. 4  (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).

**B**.

A factual finding by a state court is presumed to be correct, and a petitioner must rebut the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); Henderson, 353 F.3d at 890-91.  The statutory presumption of correctness applies only to findings of fact made by the state court, not to mixed determinations of law and fact.  Parker v. Head, 244 F.3d 831, 836 (11th Cir. 2001).

A petitioner who "failed to develop" the factual basis for a claim while in state court as a result of the petitioner's lack of diligence is barred from doing so in federal court (subject to the very narrow exceptions set out in § 2254(e)(2)). Williams v. Taylor, 529 U.S. at 433-34.

**C**.

A § 2254 application cannot be granted unless a petitioner "has exhausted the remedies available in the courts of the State; . . ."  28 U.S.C. 2254(b)(1)(A); Snowden v. Singletary, 135 F.3d 732, 735 (11th Cir. 1998).  "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."  O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).[1]

---

[1] O'Sullivan v. Boerckel, 526 U.S. at 845, suggests a shift by the United States Supreme Court with regard to the terminology used in discussing exhaustion principles.  The majority of the [O'Sullivan] Court concluded that an issue that was not properly presented to the state court, and which can no longer be litigated under state procedural rules, did not satisfy the exhaustion requirement, and is procedurally barred from federal review. 526 U.S. at 839-840, 848. As noted by the dissenting opinion, prior case law characterized issues for which no vehicle existed for state court litigation to be exhausted but procedurally barred. 526 U.S. at 850, 852; see Coleman v. Thompson, 501 U.S. 722, 732 (1991); Engle v. Isaac, 456 U.S. 107 (1982); Picard v. Connor, 404 U.S. 270 (1971).

There are no unexhausted claims in Gamble's petition that can still be litigated in state court. If a claim is procedurally barred, federal review is precluded by virtue of that bar, and the exhaustion, or lack of exhaustion, is irrelevant. O'Sullivan, 526 U.S. at 848.

See also, Henderson v. Campbell, 353 F.3d at 891 ("A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts.")(quoting Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001)); Snowden v. Singletary, 135 F.3d at 735 ("Exhaustion of state remedies requires that the state prisoner fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights") (quoting Duncan v. Henry,  513 U.S. 364, 365 (1995)).

Exhaustion of state court remedies generally requires a petitioner to pursue discretionary appellate review.  "'[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process, including review by the state's court of last resort, even if review in that court is discretionary." Pruitt v. Jones, 348 F.3d 1355, 1358-59 (11th Cir. 2003)(citing O'Sullivan, 526 U.S. at 845).  This is required even if the state Supreme Court rarely grants such petitions and usually answers only questions of broad significance.  O'Sullivan, 526 U.S. at 845-46.

"The teeth of the exhaustion requirement comes from its handmaiden, the procedural default doctrine." Smith v. Jones, 256 F.3d 1135, 1138 (11th Cir. 2001).  Under the procedural default doctrine, "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is applicable." Smith v. Jones, 256 F.3d at 1138.  "The doctrine of procedural default was developed as a means of ensuring that federal habeas petitioners first seek

relief in accordance with established state procedures." Henderson v. Campbell, 353 F.3d at 891(quoting Judd v. Haley, 250 F.3d at 1313).

As stated above, a procedural default will only be excused in two narrow circumstances.  First, petitioner may obtain federal habeas review of a procedurally defaulted claim if he shows both "cause" for the default and actual "prejudice" resulting from the default. "Cause" ordinarily requires petitioner to demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court. Henderson v. Campbell, 353 F.3d at 892; Marek v. Singletary, 62 F.3d 1295, 1302 (11th Cir. 1995).  To show "'prejudice," Gamble must show "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his factual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."  Hollis v. Davis, 941 F.2d 1471, 1480 (11th Cir. 1991) (quoting United States v. Frady, 456 U.S. 152, 170 (1982). Gamble must show that there is at least a reasonable probability that the result of the proceeding would have been different.  Henderson v. Campbell, 353 F.3d at 892.

Second, a petitioner may obtain federal habeas review of a procedurally defaulted claim, without a showing of cause or prejudice, if such review is necessary to correct a fundamental miscarriage of justice.  Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Henderson v. Campbell, 353 F.3d at 892.  This exception is only available "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent."  Henderson v. Campbell, 353 F.3d at 892. The fundamental miscarriage of justice exception concerns a petitioner's "actual" innocence rather than his "legal" innocence. Johnson v. Alabama, 256 F.3d 1156, 1171 (2001) (citing

Calderon v. Thompson, 523 U.S. 538, 559 (1998); Murray v. Carrier, 477 U.S. 478, 495-96 (1986) (explaining that a "fundamental miscarriage of justice" occurs "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent"). To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. Schlup v. Delo, 513 U.S. 298, 327 (1995). In addition, " '[t]o be credible,' a claim of actual innocence must be based on [new] reliable evidence not presented at trial." Calderon, 523 U.S. at 559 (quoting Schlup, 513 U.S. at 324) (explaining that "[g]iven the rarity of such evidence, in virtually every case, the allegation of actual innocence has been summarily rejected") (internal quotation marks omitted).

The Schlup Court stated that the petitioner must show constitutional error coupled with "new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial. Schlup 513 U.S. at 324. This fundamental miscarriage of justice exception is not available unless "the petitioner shows, as a factual matter, that he did not commit the crime of conviction." Ward v. Cain, 53 F. 3d 106, 108 (5th Cir. 1995) (denying certificate of probable cause)(footnote omitted).

"[t]he Supreme Court fairly recently made clear that an ineffective assistance of counsel claim being used for cause to excuse a procedural default of another claim is not itself excepted from the doctrine of procedural default." Henderson v. Campbell, 353 F.3d at 896. In Edwards v. Carpenter, 529 U.S. 446, 451-52 (2000), a habeas petitioner argued ineffective assistance of counsel as cause for his procedural default of other constitutional

claims in his § 2254 petition. But, he had never raised this ineffective assistance claim in state court, and he was now procedurally barred from raising the claim. The Supreme Court held that unless the petitioner could establish cause and prejudice to excuse his procedural default of his ineffective assistance claim, he was barred from using it as a basis for cause to excuse his procedural default of the underlying claim. Id. at 451-53.

<u>No Presumption that State Court Ignored Its Procedural Rules</u>

Finally, this Court cannot presume that a Florida court ignores its own procedural rules when the Court issues only a one-sentence denial of relief, which is essentially a summary dismissal.  Such a ruling does not suggest that the state court resolved the issue on the federal claim presented. See Coleman, 501 U.S. 722,  735-36 (1991);  Kight v. Singletary, 50 F.3d 1539, 1544-1545 (11th Cir. 1995) (applying procedural bar where state court's summary dismissal did not explain basis for ruling); Tower v. Phillips, 7 F.3d 206, 209 (11th Cir. 1993) (applying bar where state court did not rule on claims presented).

**D.**

**Ineffective Assistance of Counsel Claims**

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court established a two-part test for determining whether a convicted person is entitled to habeas relief on the ground that his or her counsel rendered ineffective assistance: 1) whether counsel's representation was deficient,  i.e., "fell below an objective standard of reasonableness"; and 2) whether the deficient performance prejudiced the defendant, i.e., there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  Id. at 687-88; see also, Wiggins v. Smith, 123 S.Ct. 2527 (2003);

Williams v. Taylor, 529 U.S. 362 (2000).   A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct."   Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland, 466 U.S. at 690).   This judicial scrutiny is "highly deferential."   Id. at 477.   A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.  Strickland, 466 U.S. at 689-90; Bell v. Cone, 535 U.S. 685, 698 (2002).  Because the ultimate resolution of the ineffective assistance of counsel claims are mixed questions of law and fact, Thompson v. Haley, 255 F.3d 1292, 1297 (11th Cir. 2001); Meeks v. Moore, 216 F.3d 951, 959 (11th Cir. 2000), the presumption of correctness contained in § 2254(e)(1) does not apply to this determination.   Parker v. Head, 244 F.3d at 835-837.   "[T]he Strickland test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims."  Williams, 529 U.S. at 391.

"To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable. But the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled. ' " Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc) (quoting Burger v. Kemp, 483 U.S. 776 (1987)). "Therefore, the cases in which habeas petitioners can properly prevail an the ground of ineffective assistance of counsel are few and far between." Rogers v. Zant, 13 F.3d 384, 386 (11th Cir.), cert. denied, 513 U.S. 899 (1994).

The inquiry into whether a lawyer has provided effective assistance is an objective one: a petitioner must establish that no objectively competent lawyer would have taken the action that his lawyer did take. See Chandler, 218 F.3d at 1315. An ambiguous or silent

record is not sufficient to disprove the strong and continuing presumption of effective representation. Where the record is incomplete or unclear about counsel's actions, it will be presumed that he did what he should have done, and that he exercised reasonable professional judgment. Chandler, 218 F.3d, at 1314 n. 15.

### E.

Generally, claims alleging a violation of state law are not subject to review in federal habeas proceedings. Pulley v. Harris, 465 U.S. 37, 41 (1984); McCullough v. Singletary, 967 F.2d 530, 535-36 (11th Cir.1992). To the extent that a federal question is raised in the federal habeas petition, the federal question was not exhausted in state court if the issue were raised only as a state law claim in state court. Anderson v. Harless, 459 U.S. 4, 6-8 (1982).

Finally, in the event constitutional error is found in a habeas proceeding, the relevant harmless error standard is set forth in Brecht v. Abrahamson, 507 U.S. 619 (1993). The test is "less onerous" then the harmless error standard enunciated in Chapman v. California, 386 U.S. 18 (1967). "The test is whether the error had substantial and injurious effect or influence in determining the jury's verdict. Under this standard, habeas petitioners may obtain plenary review of their constitutional claims, but they are not entitled to habeas relief based on trial error unless they can establish that it resulted in 'actual prejudice.'" Brecht, 507 U.S. at 637. Although no constitutional error has occurred in Gamble's case, any possible error would clearly be harmless beyond any reasonable doubt based on the facts and the record herein.

### DISCUSSION

A review of the record demonstrates that, for the following reasons, Gamble's petition must be **DENIED**.  The Court notes that Gamble has abandoned Ground Five and Statements in Ground Three as follows:

> Counsel was ineffective for failing to investigate alibi witnesses; counsel failed to keep him (Gamble) apprised of his case and failed to impeach state witnesses and failed to forward him discovery. (Doc. No. 25)

### Ground One

Gamble complains that counsel was ineffective because he failed to object to a comment by the prosecutor during closing argument. Gamble raised this issue in the motion for postconviction relief he filed with the state trial court. The trial court denied relief and the state appellate court affirmed. (Respondent's Exhibit 023, 025). Gamble failed to show defense counsel was ineffective. In this case, Gamble failed to show that his counsel's failure to object to the comment was ineffective. The state trial court reviewed the same claim in postconviction proceedings and determined that the prosecutor's comment did not warrant a new trial. (Respondent's Exhibit 023 at page 1). The test is not what the best lawyers would have done or what most good lawyers would have done, but only whether some reasonable attorney could have acted in the circumstances as did this attorney. See White v. Singletary, 972 F.2d 1218, 1220 (11th Cir. 1992). In this case, the evidence does not support the claim that even if trial counsel had objected to the comment, the outcome of the proceedings would have been different.  Ground One does not warrant habeas corpus relief.

### Ground Two

Gamble claims that his trial counsel was ineffective for failing to "properly" object to a comment made by the state prosecutor during opening statements of the trial. Gamble raised this exact issue in his motion for postconviction relief and both the trial court and state appellate court affirmed the actions of defense counsel. In fact, Gamble addressed this issue in his direct appeal of his conviction and sentence. In this petition, Gamble fails to demonstrate that his trial counsel's actions were ineffective under either prong of Strickland because the record refutes Gamble's argument. During opening statements, trial counsel objected to a comment by the state prosecutor concerning a police officer's personal relationship with Gamble. (Respondent's Exhibit 014 at page 13). The trial court overruled the objection, but took the issue under advisement and allowed defense counsel to have a continued objection. (Respondent's Exhibit 014 at page 14). The fact that trial counsel objected to the alleged improper comment rebuts Gamble's contention that his counsel's performance was deficient. Ground Two does not warrant habeas corpus relief.

Ground Three

Gamble claims that his trial counsel was ineffective for failing to make a "proper" motion for judgment of acquittal. Gamble's appellate counsel raised the issue of the denial of the motion for judgment of acquittal on direct appeal of the conviction and sentence and the state appellate court affirmed the ruling. (Respondent's Exhibit 009 at pages 9-13; Respondent's Exhibit 12). In the motion for postconviction relief, Gamble raised this exact issue, but the trial court denied relief. (Respondent's Exhibit 020 and 023). The state appellate court affirmed the ruling. (Respondent's Exhibit 025).

The transcript of the trial refutes Gamble's allegation. In the motion for judgment of acquittal, trial counsel argued that the State failed to prove a prima facie case as to each count, but the trial court denied the motion. (Respondent's Exhibit at page 148-149). The fact that defense counsel made the motion contradicts Gamble's argument. Therefore, since trial counsel made the motion for judgment of acquittal as to both counts of the felony information, Gamble is unable to show deficient performance under Strickland.  Ground Three does not warrant habeas corpus relief.

Ground Four

Gamble claims that his trial counsel was ineffective for failing to challenge the jury venire during his trial. Gamble argues that his counsel should have challenged the jury panel because the venire consisted entirely of "Caucasian" persons. Using the <u>Strickland</u> standard, Gamble is required to prove that his counsel's failure to object to the "all-white" jury panel constituted either deficient performance or resulted in prejudice. At trial, the State presented strong evidence of Gamble's guilt. The co-defendant, Ronnie May, testified that Gamble was his accomplice to the robbery. (Respondent's Exhibit 014 at page 78).  Mr. May did not remember what kind of gun Gamble held during the robbery, but he testified that the gun was a silver automatic. (Respondent's Exhibit 014 at page 83-84).

In addition to the co-defendant's statement, the State also introduced fingerprint evidence of Gamble's involvement. Using surveillance video, one of the eyewitnesses pointed out that the person who jumped over the counter touched the surface of the paperwork. (Respondent's Exhibit 014 at page 46). Analysis determined that the prints of the paperwork matched Gamble's fingerprints. (Respondent's Exhibit 014 at page 141).

Based on this evidence, Gamble cannot demonstrate that the result of the proceeding would have been different. Strickland, 466 U.S. at 694. The jury's verdict in this case was substantially supported by the evidence. Moreover, the crime in this case did not have any particular racial dimensions, which would cast doubt upon a verdict returned by a racially unbalanced, unconstitutionally composed jury. See Jackson v. Herring, 42 F.3d 1350, 1362 (11th Cir. 1995). Ground Four does not warrant federal habeas corpus relief.

Ground Five

Gamble complains that his trial counsel was ineffective for failing to object to his illegal sentence imposed by the state trial court. Gamble previously raised this issue in a motion to correct sentence, (Respondent's Exhibit 15), which both the state trial court and state appellate court denied relief. (Respondent's Exhibit 16 and 18). Gamble also raised this exact ground in his motion for postconviction relief. (Respondent's Exhibit 20). Again, the state trial court and appellate court rejected Gamble's argument. (Respondent's Exhibit 23 and 25). Respondent submits that this issue is procedurally barred because Gamble fails to present a federal question. Claims which are not based upon a violation of the United States Constitution are not cognizable under 28 U.S.C. § 2254(a). Barclay v. Florida, 463 U.S. 939 (1983). In the area of state sentencing guidelines specifically, federal courts cannot review a state's alleged failure to adhere to its own sentencing procedures. Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988). Thus, since Gamble's claim is based on the state's sentencing guidelines, Gamble is procedurally barred from seeking review of this claim on a petition for writ of habeas corpus.  Furthermore, Gamble abandoned this ground. (Doc. No. 25)

Ground Six

Gamble alleges that his trial counsel was ineffective for failing to object to the introduction of physical evidence at his trial and for failing to file a motion to suppress. In the petition, Gamble simply states that his trial counsel should have filed a motion to suppress because the physical evidence was prejudicial. However, Gamble has not alleged what evidence should have been suppressed or why counsel should have filed a motion to suppress. Without showing that the evidence was "unduly prejudicial," and not merely prejudicial, Gamble is unable to demonstrate that his counsel's performance was deficient under Strickland.  Ground Six does not warrant habeas corpus relief.

Ground Seven

Gamble claims that his trial counsel was ineffective for failing to properly make a motion for judgement of acquittal at his trial as to the charged armed robbery count. Ground Three above addresses this issue. The transcripts of the trial show that trial counsel made a motion for judgment of acquittal as to *both* the armed robbery count and the aggravated assault count. Thus, since the record refutes Gamble's allegation, there is no proof that his counsel's performance was deficient under Strickland.

Abandoned Claims

Finally, Gamble alleges that his trial counsel was ineffective for failing to investigate alibi witnesses. Gamble claims he gave his counsel names of potential alibi witnesses to investigate.  In addition, Gamble also claims that his trial counsel failed to keep him adequately appraised of his case, failed to impeach state witnesses, and failed to forward

him discovery. (Gamble's Petition at page 36).   Gamble abandoned these claims. (See
Doc. No. 25).

Accordingly, the Court orders:

That Gamble's petition for writ of habeas corpus is denied, with prejudice.  The Clerk
is directed to enter judgment against Gamble and to close this case.

ORDERED at Tampa, Florida, on February 8, 2006.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record

Michael Gamble